UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Dorita Walker,** | ) | CASE NO. 4:23 CV 2309 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Y.M.H.A., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Dorita Walker filed this action against the Youngstown Metropolitan Housing Authority ("YMHA"), Judge Cunnings, and Attorney Amy Fetcho. Plaintiff's Complaint is very brief. She states that a YMHA employee, Taylor Pena, breached a contract, failed to execute the eviction process correctly resulting in an illegal eviction, and retaliated against her by contacting Housing and Urban Development ("HUD"). She provides no additional facts to support these statements. She asserts claims under 42 U.S.C. § 1983 for elder abuse and financial abuse. She does not indicate the relief she seeks from this Court.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic*

*Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint contains no facts. There is no mention of Judge Cunnings or Attorney Fetcho in the body of the Complaint. While she asserts that YMHA employee Pena breached a contract, failed to properly execute the eviction process and retaliated against her by contacting HUD, she provides no explanatory information to support these statements. Moreover, there are no factual allegations that suggest how YMHA could be liable for the action of its employee. At best, her statements are unsupported legal conclusions. Legal conclusions alone are not sufficient to meet the basic pleading standards of Federal Civil Procedure Rule 8.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                 *s/Pamela A. Barker*

Date: March 22, 2024            PAMELA A. BARKER
                                         U. S. DISTRICT JUDGE